# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Malcolm Gray,

    Plaintiff

v.

Dave Dzurenda, et al.,

    Defendants

Case No.: 2:18-cv-01618-JAD-GWF

**Order Denying Motions for Temporary/Preliminary Injunction and Granting Motion for Clarification**

**[ECF Nos. 3, 4, 10]**

Nevada inmate Malcolm Gray brings this civil-rights action under 42 U.S.C. § 1983 for various constitutional and statutory rights violations that he claims have occurred—or continue to occur—during his incarceration in the Nevada Department of Corrections. Gray moves for injunctive relief directing prison officials to allow him to order special footwear to treat his foot pain. Because he has not demonstrated that he is entitled to this extraordinary relief, I deny his request. Gray also asks the court to clarify whether it intended the defendants to also respond to his motion for injunctive relief related to anointing oil. I grant that motion and clarify that the court's docket does not reflect that Gray moved for injunctive relief for anointing oil, so the defendants were not ordered to address that issue.

## Discussion

Gray's civil-rights action covers a wide array of claims and events. After screening, he is left with some religious-freedom-based claims, a disciplinary-action due-process claim, a deliberate-indifference-to-safety claim, and a deliberate-indifference-to-medical-needs claim.[1] In his medical-needs claim, Gray challenges the treatment he has received for foot pain.[2] He

---

[1] ECF No. 5 (screening order).
[2] *Id*. at 16–17.

states that he has self-diagnosed his plantar fasciitis and other conditions that cause his foot pain, and the prison's care has been "nominal" and "ineffective."[3] Gray recounts that although Dr. Augustine told him last year that he was approving Gray to order footwear, the doctor "reversed" that decision "out of fear or indifference" once he learned he needed approval from the warden. Gray moves for an order "requiring the defendants to resume the previous course of treatment for [his] foot pain," which includes (1) allowing him "to order quality footwear at [his] own expense," (2) getting "a full exam by a qualified foot specialist," and (3) "any follow-up care he/she orders."[4] I directed defendants to respond to this request. In their response, they argue that Gray has shown, at best, a difference in opinion about his care, and the constitution does not require the relief he's requesting.[5] Gray did not file a reply brief, and the deadline to do so has long passed.

**A.     Standard for obtaining a temporary restraining order or preliminary injunction**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[6] Both are "extraordinary" remedies

---

[3] ECF No. 3 at 2. This claim also covers Gray's dislocated-finger treatment, but that injury is not the subject of this motion.

[4] *Id*. at 3. In this motion, Gray also asks for an order requiring he be seen by an outside dental facility. I already denied that portion of the motion in my screening order because I dismissed Gray's dental-needs claim. *See* ECF No. 5 at 25 ("I deny the portions of the motions for injunctive relief for Gray's dental needs because [he] has not stated a colorable claim for deliberate indifference to serious dental needs at this time."). Although I gave Gray until March 1, 2019, to file an amended complaint to cure the defects in that dental-needs claim and others, *see id.*, he did not file an amended complaint. So I do not revisit the portion of Gray's motions seeking the court's intervention in his dental care.

[5] ECF No. 8.

[6] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

and "never awarded as of right."[7] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[8] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[9]

**B.     Gray has not satisfied any standard for injunctive relief.**

Gray's foot-pain claim is grounded in the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[10] Deliberate indifference "is manifested by . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[11] Negligence or medical malpractice are not enough to reach this constitutional threshold.[12] A mere "difference of medical opinion" is also "insufficient, as a matter of law, to establish deliberate indifference."[13] Rather, "a prisoner must show that the chosen course of treatment

---

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[8] *Id.* at 20.

[9] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[10] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[11] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

[12] *Id.* at 105–06.

[13] *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

3

'was medically unacceptable under the circumstances' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'"[14]

Gray has not shown a likelihood of succeeding on the merits of his deliberate-indifference claim or even serious questions going to its merits. Nor has he shown that he will suffer irreparable harm in the absence of his requested relief. Gray declares that he has made several requests for foot care and that Dr. Augustine told him in April 2018 that "he was renewing [his] approval to order footwear from an outside vendor," but he then "reversed that decision" after the nurse told him that he'd need the warden's approval.[15] Gray claims that, without this footwear, he will suffer chronic pain.[16]

But Gray offers nothing but his own speculation that the shoes he's selected will eradicate his foot pain. His records also belie his allegation that he has received no treatment for his feet. They reflect that he was "issued leg/foot brace" on May 30, 2018, with "shoe inserts for daytime use"[17] and that Gray was seen by medical staff for plantar fasciitis several times throughout the Winter and Spring of 2017 and Spring of 2018.[18] Plus, prison medical records supplied by the defendants reflect that Gray refused treatment on August 8, 2018, just a month before he filed this motion, stating "I'm good, no issues."[19] On this record, I cannot conclude that Gray is entitled to injunctive relief.

---

[14] *Id.* (quoting *Jackson*, 90 F.3d at 332).
[15] ECF No. 3 at 2.
[16] *Id.*
[17] ECF No. 7-1 at 2; ECF No. 7-4 at 3, 16, 18.
[18] *Id.* at 3–10, 16.
[19] ECF No. 7-3 at 2.

## C. Gray's motion for clarification

Gray also moves for clarification of the record. He notes that the court summarized in its screening order that Gray had filed motions for injunctive relief about (1) his parole-eligibility date; (2) his foot pain; and (3) dental issues, but he believes he actually filed a third motion addressing his "need for anointing oil to correctly practice [his] religious faith."[20] He claims that motion was stamped as filed on September 10, 2018.[21] I grant the motion for clarification and I clarify for Gray that the court record does not reflect that he has filed a motion for injunctive relief regarding anointing oil.

There are three entries for injunctive relief in this docket, found at ECF Nos. 1, 3, and 4:

| | | | |
|---|---|---|---|
| 08/28/2018 | 1 | MOTION for Temporary Restraining Order by Plaintiff Malcolm Gray. (ADR) (Entered: 08/28/2018) |
| 08/28/2018 | 2 | COMPLAINT against All Defendants (Filing fee $400) by Malcolm Gray. Proof of service due by 11/26/2018. (Attachments: # 1 Receipt No. NVLAS058935)(ADR) (Entered: 08/28/2018) |
| 09/10/2018 | 3 | MOTION for Temporary Restraining Order by Plaintiff Malcolm Gray. (Entered: 09/10/2018) |
| 09/10/2018 | 4 | MOTION for Preliminary Injunction by Plaintiff Malcolm Gray. Responses due by 9/24/2018. (Entered: 09/10/2018) |
| 01/29/2019 | 5 | SCREENING ORDER. IT IS ORDERED that the operative complaint is docketed at ECF No. 2 . IT IS FURTHER ORDERED that 1 the motion for temporary restraining order is DENIED. IT IS FURTHER ORDERED that a decision on 3 , 4 the motions for temporary restraining order/preliminary injunction are DEFERRED. Amended Complaint due by 3/1/19. See Order for additional deadlines. Signed by Judge Jennifer A. Dorsey on 1/29/2019. **(copy of complaint sent to P)**(Copies have been distributed pursuant to the NEF - Encl: § 1983 prisoner complaint, instructions for the same, and a copy of original complaint (ECF No. 2 ; cc: Attorney General of the State of Nevada - ADR) Modified on 1/29/2019 to add Amended Complaint deadline (ADR). (Entered: 01/29/2019) |

---

[20] ECF No. 10 at 2.

[21] *Id*.

The first motion filed in this case at ECF No. 1 requests injunctive relief correcting Gray's parole-eligibility date.[22] I denied that motion in the screening order because Gray "cannot state a cognizable § 1983 claim challenging his parole-eligibility date, and he therefore [could] not demonstrate a likelihood of success on the merits of th[at] claim."[23]

ECF Nos. 3 and 4 are two copies of the same document—the motion seeking a temporary restraining order and preliminary injunction with respect to foot pain and dental issues.[24] Here's how they appear on the screen:

> Case 2:18-cv-01618-JAD-GWF  Document 3  Filed 09/10/18  Page 2 of 16
>
> ADDITIONAL FACTS OF THE CASE:
> —Declaration in support of plaintiff's motion for a Temporary Restraining Order & preliminary Injunction
>
> 1  MALCOLM GRAY states:
> 2  1. I am the plaintiff in this case. I make this declaration in support of my motion
> 3  for a temporary restraining order & a preliminary injunction to ensure I receive
> 4  necessary medical/dental care.

> Case 2:18-cv-01618-JAD-GWF  Document 4  Filed 09/10/18  Page 2 of 16
>
> ADDITIONAL FACTS OF THE CASE:
> —Declaration in support of plaintiff's motion for a Temporary Restraining Order & preliminary Injunction
>
> 1  MALCOLM GRAY states:
> 2  1. I am the plaintiff in this case. I make this declaration in support of my motion
> 3  for a temporary restraining order & a preliminary injunction to ensure I receive
> 4  necessary medical/dental care.

---

[22] ECF No. 1.
[23] ECF No. 5 at 24.
[24] ECF Nos. 3, 4.

This document was properly filed twice by the Clerk's office because the document is requesting two types of relief: a temporary restraining order and a preliminary injunction.

But no additional motion seeking injunctive relief regarding anointing oil is reflected in this record. So, I grant the motion for clarification and I clarify that the court has not received from Gray a motion for injunctive relief regarding anointing oil.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Gray's motions for injunctive relief regarding his foot pain **[ECF Nos. 3, 4] are DENIED**;

IT IS FURTHER ORDERED that Gray's motion for clarification **[ECF No. 10] is GRANTED**; the court clarifies that its record in this case does not contain a motion seeking injunctive relief regarding anointing oil.

Dated: June 12, 2019

_____
U.S. District Judge Jennifer Dorsey