UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Malcolm Gray,

    Plaintiff

v.

Dave Dzurunda, et al.,

    Defendants

Case No.: 2:18-cv-1618-JAD-EJY

**Order Dismissing Case**

On November 13, 2020, the court entered a notice of its intent to dismiss this case for want of prosecution under Local Rule 41-1 if nothing more happened in this case before December 13, 2020.[1] The last activity by the plaintiff in this case occurred in September 2019, it appears that the plaintiff in this prisoner-civil-rights case was paroled in November 2019,[2] and court mail sent to the plaintiff has been returned to sender for more than a year.[3]

District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In resolving whether to dismiss an action on

---

[1] ECF No. 26.

[2] https://ofdsearch.doc.nv.gov/ (last visited 2/10/2021).

[3] ECF Nos. 25, 27.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

one of these grounds, district courts must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement, and that warning was given here.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that this case is **DISMISSED without prejudice** for want of prosecution. The Clerk of Court is directed to ENTER JUDGMENT accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 10, 2021

---

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 26.